UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-07898-CAS(SKx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | ELMER E. LOPEZ V. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Jeffrey Kaufman | |

**Proceedings:** DEFENDANTS CITIMORTGAGE, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS (Dkt. 7, filed October 31, 2016)

## I. INTRODUCTION

On September 20, 2016, plaintiff Elmer E. Lopez filed this action in Los Angeles County Superior Court against defendants United Guaranty Residential Insurance Company ("United"); Citimortgage, Inc. ("CMI"); Deutsche Bank National Trust Company as Trustee for MortgageIT Trust 2005-5; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1–10, inclusive. Dkt. 1-1 ("Compl."). Plaintiff asserts two claims: (1) cancellation of written instruments pursuant to California Civil Code § 3412, and (2) unfair business practices in violation of California Business and Professions Code § 7200 et seq. ("UCL"). Id.

On October 24, 2016, CMI removed this action to this court on the basis of diversity jurisdiction. Dkt. 1.

On October 31, 2016, CMI and MERS ("defendants") filed the instant motion to dismiss plaintiff's action for failure to state a claim, dkt. 7 ("MTD"), and a request for judicial notice, dkt. 8 ("RJN").[1] Plaintiff filed his opposition on November 15, 2016,

---

[1] Defendants request that the Court take judicial notice of: (1) the First Deed of Trust, (2) the Second Deed of Trust, (3) the Assignment of the Deed of Trust from MortgageIT to Deutsche Bank, (4) the Assignment of the Deed of Trust from MortgageIT to CMI, and (5) the Assignment of the Deed of Trust from CMI to United Guaranty Residential Insurance Company of North Carolina—all of which were recorded in the Los Angeles County Recorder's Office. RJN. The Court **GRANTS** defendants' request

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | December 5, 2016 |
| Title | ELMER E. LOPEZ V. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

though it was due by November 14, 2016.² Dkt. 12. ("Opp'n"). Defendants filed their reply on November 31, 2016. Dkt. 13 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following.

Plaintiff is the owner of real property commonly known as 10427 San Luis Avenue, South Gate, CA 90280 ("Subject Property"). Compl. ¶ 1. Plaintiff obtained a mortgage loan from MortgageIT in the amount of $105,000, secured by a Deed of Trust and Request for Notice of Default. Id. ¶ 10. The Deed of Trust was recorded in the Los Angeles County Recorder's Office. Id. MERS is a separate corporation acting as beneficiary solely as a nominee for lender. Id.

On February 25, 2015, an Assignment of the Deed of Trust was recorded in the Los Angeles County Recorder's Office, purporting to assign the Deed of Trust from MERS to MortgageIT. Id. ¶ 11.

On July 28, 2015, an Assignment of the Deed of Trust, purportedly assigning the Deed of Trust from CMI to United, was signed. Id. ¶ 12. Plaintiff alleges that this assignment "is not verified to have been recorded in the Los Angeles County Recorder's Office." Id.

---

for judicial notice because the documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of this type of document. See, e.g., Liebelt v. Quality Loan Serv. Corp., No. 5:09-cv-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011); Reynolds v. Applegate, No. 3:10-cv-04427-CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011); Giordano v. Wachovia Mortg., No. 5:10-cv-04661-JF, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

² Notwithstanding the untimely filing, the Court declines to grant defendants' request that the Court disregard plaintiff's opposition. See Dkt. 13 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | December 5, 2016 |
| Title | ELMER E. LOPEZ V. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

Plaintiff alleges that the February and July 2015 assignments are "fraudulent forgeries for the signatory and the notary," or are "otherwise void instruments that are void ab initio." Id. ¶ 14. Plaintiff therefore seeks to cancel these assignments. Id. ¶ 16.

In addition, plaintiff raises a claim for unfair business practices on the basis that (1) all defendants engaged in "business practices of notarizing, recording and/or relying upon fraudulent and forged documents"; (2) MortgageIT and United, pursuant to their business practices, fail to advise homeowners in writing that their mortgage or Deed of Trust was transferred; and (3) MortgageIT, pursuant to its business practices, conveys assignments for the Deed of Trust after a securitized trust has closed, in violation of New York trust law. Id. ¶ 22–30.

## III. LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | December 5, 2016 |
| Title | ELMER E. LOPEZ V. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | December 5, 2016 |
| Title | ELMER E. LOPEZ V. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

## IV. DISCUSSION

### A. Plaintiff's First Claim for Cancellation of Written Instruments

Defendants contend that plaintiff's first claim for cancellation of written instruments fails for two reasons. First, defendants argue that plaintiff lacks standing to challenge the assignments of the Deed of Trust. MTD at 5. A borrower has standing to challenge a *void* assignment, but not a merely *voidable* one. See Yvanova v. New Century Mortg. Corp., 365 P.3d 845, 858 (Cal. 2016) (approving of lower court's determination that "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment not merely render it voidable.") (quotation marks omitted); Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815 (2016) ("Yvanova recognizes borrower standing only where the defect in the assignment renders the assignment *void*, rather than *voidable*."). According to defendants, a problem with the notary at the time of the assignments constitutes a basis for finding the assignments *voidable*, not *void*. MTD at 6. Second, defendants contend that plaintiff's first claim has no basis because plaintiff provides no factual support for his allegation that the assignments include forgeries. Id. at 7.

Plaintiff argues in his opposition that the February 2015 assignment was invalid because MERS—a nominal beneficiary only of the Deed of Trust—lacked a financial interest in the Note and Deed of Trust, and therefore lacked authority to assign the Deed of Trust. Opp'n at 5. Plaintiff's argument is unavailing because it contradicts the language of the Deed of Trust, which states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

Compl., Ex. A. "This language empowers MERS to take any actions within the lender's authority, including making assignments of the note (as well as the trust deed), contrary to [plaintiff's] allegations." Schwartz v. U.S. Bank, Nat. Ass'n, No. 2:11-cv-08754-MMM-JCG, 2012 WL 10423214, at *6 (C.D. Cal. Aug. 3, 2012). "The courts in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | December 5, 2016 |
| Title | ELMER E. LOPEZ V. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

California have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a [deed of trust]." Herrera v. Fed. Nat. Mortg. Assn., 205 Cal. App. 4th 1495, 1498 (2012).

The Court finds that plaintiff's allegations that the assignments are "fraudulent forgeries for the signatory and the notary" are conclusory. "Although 'a well-pleaded' complaint may proceed even if it strikes a savvy judge that actual proof is improbable," "plaintiff must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 995 (9th Cir. 2014) (quoting Twombly, 550 U.S. at 556–57). Plaintiff alleges no facts to support his allegations that the assignments contain forgeries. Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's first claim and **DISMISSES** the claim without prejudice.[3]

### B.   Plaintiff's Second Claim for Unfair Business Practices

The California UCL provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001). The UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992) (quotation omitted). To plead a violation of the UCL, plaintiff must plead a violation of another statute or common law. See, e.g, Krantz v. BT Visual Images, 89 Cal. App. 4th 164, 178 (2001) (UCL claims "stand or fall depending on the fate of the antecedent substantive causes of action"); California Med. Ass'n, Inc. v. Aetna

---

[3] The Court need not address at this time whether a problem with a notary at the time of an assignment provides a basis for finding the assignments void or voidable. The Court notes, however, that this determination may depend on the state law governing the Pooling and Service Agreement at issue. See Morgan v. Aurora Loan Servs., LLC, 646 F. App'x 546, 550 (9th Cir. 2016) ("But because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the Pooling and Servicing Agreement (PSA) at issue, Morgan lacks standing here."). Neither party has introduced the applicable PSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | December 5, 2016 |
| Title | ELMER E. LOPEZ V. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

<u>U.S. Healthcare of California, Inc.</u>, 94 Cal. App. 4th 151, 169 (2001) ("Where, as here, the Legislature has permitted certain conduct, courts may not override that determination by declaring such conduct to be actionable under [the UCL].") (quotation marks omitted).

As discussed above, plaintiff's underlying claim—that the assignments contain forgeries—fails. On that basis alone, plaintiff has failed to plead sufficient facts to establish a plausible claim under the UCL. In addition, plaintiff does not plead any facts to supports his allegations that: (a) MortgageIT and United, pursuant to their business practices, fail to advise homeowners in writing that their mortgage or Deed of Trust was transferred; or (b) MortgageIT, pursuant to its business practices, conveys assignments for the Deed of Trust after a securitized trust has closed.

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's second claim and **DISMISSES** the claim without prejudice.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** CMI and MERS's motion and **DISMISSES** plaintiff's claims without prejudice. Plaintiff shall have **fourteen (14) days** from the date of this order to file an amended complaint addressing the deficiencies identified herein. Dismissal shall operate with prejudice should plaintiff fail to amend his complaint.

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |