UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Ursula Barrios | Otis Hays, III | |
| | Jeffrey Kaufman | |

**Proceedings:** DEFENDANTS CITIMORTGAGE, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS (Dkt. 21, filed January 3, 2017)

DEFENDANT UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY'S MOTION TO DISMISS (Dkt. 24, filed January 19, 2017)

## I.    INTRODUCTION

On September 20, 2016, plaintiff Elmer E. Lopez filed this action in Los Angeles County Superior Court against defendants United Guaranty Residential Insurance Company ("United"); Citimortgage, Inc. ("CMI"); Deutsche Bank National Trust Company as Trustee for MortgageIT Trust 2005-5; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1–10, inclusive. Dkt. 1-1. Plaintiff asserted two claims in his original complaint: (1) cancellation of written instruments pursuant to California Civil Code § 3412, and (2) unfair business practices in violation of California Business and Professions Code § 17200 et seq. ("UCL"). Id.

On October 24, 2016, CMI removed this action to this court on the basis of diversity jurisdiction. Dkt. 1.

On December 5, 2016, the Court granted CMI and MERS's motion to dismiss plaintiff's original complaint. Dkt. 15 ("December Order"). The Court concluded that plaintiff alleged no facts to support his allegations that the assignments contain forgeries,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

and thus failed to state a claim for cancellation of written instruments. Id. at 6. In addition, the Court concluded that plaintiff had not stated a claim under the UCL because plaintiff's underlying claim failed and because plaintiff did not plead any facts to support his allegations that (a) MortgageIT and United, pursuant to their business practices, fail to advise homeowners in writing that their mortgage or Deed of Trust was transferred; or (b) MortgageIT, pursuant to its business practices, conveys assignments for the Deed of Trust after a securitized trust has closed. Id. at 7.

On December 19, 2016, plaintiff timely filed a first amended complaint. Dkt. 18 ("FAC"). Plaintiff again asserts claims for: (1) cancellation of written instruments pursuant to California Civil Code § 3412, and (2) unfair business practices in violation of the UCL.

On January 3, 2017, CMI and MERS filed a motion to dismiss plaintiff's FAC, dkt. 21 ("CMI MTD"), and a request for judicial notice, dkt. 22 ("RJN").[1] Plaintiff filed

---

[1] CMI and MERS request that the Court take judicial notice of: (1) the First Deed of Trust; (2) the Second Deed of Trust; (3) the Assignment of the Deed of Trust from MortgageIT to Deutsche Bank; (4) the Assignment of the Deed of Trust from MortgageIT to CMI; (5) the Assignment of the Deed of Trust from CMI to United Guaranty Residential Insurance Company of North Carolina—all of which were recorded in the Los Angeles County Recorder's Office. RJN. The Court **GRANTS** these requests because the documents are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of these kinds of documents. See, e.g., Liebelt v. Quality Loan Serv. Corp., No. 5:09-cv-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011); Reynolds v. Applegate, No. 3:10-cv-04427-CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011); Giordano v. Wachovia Mortg., No. 5:10-cv-04661-JF, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

CMI and MERS also request that the Court take judicial notice of the *absence* of any pending foreclosure documents recorded within the Los Angeles County Recorder's Office pertaining to the property at issue. RJN ¶ 6. The Court denies this request because CMI and MERS "provide[] no authority that a party's averment is sufficient to take judicial notice of the absence of a document." Hestrin v. CitiMortgage, Inc., No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

his opposition on January 16, 2017.[2]  Dkt. 23.  ("Opp'n to CMI").  CMI and MERS filed their reply on January 19, 2017.  Dkt. 25 ("CMI Reply").

On January 19, 2017, United filed a motion to dismiss plaintiff's FAC.  Dkt. 24. ("United MTD").  Plaintiff filed his opposition on January 23, 2017.  Dkt. 26.  ("Opp'n to United").  To date, United has not filed a reply.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

II.   BACKGROUND

Plaintiff alleges the following in the FAC.

Plaintiff is the owner of real property commonly known as 10427 San Luis Avenue, South Gate, CA 90280 ("Subject Property").  FAC ¶ 1.  Plaintiff obtained a mortgage loan from MortgageIT in the amount of $105,000, secured by a "second" Deed

---

2:14-cv-9836-SVW-AJW, 2015 WL 847132, at *2 (C.D. Cal. Feb. 25, 2015); cf. Kuan v. U.S. Customs Serv., No. 2:08-cv-1980-DDP-MAN, 2009 WL 6340016, at *7 (C.D. Cal. Dec. 16, 2009) (taking judicial notice of the absence of a claim under plaintiff's name in a County database because a "printout from a County database reflecting the absence of a claim under plaintiff's name is a public record of which the Court may, and hereby does, take judicial notice"), report and recommendation adopted, No. 2:08-cv-1980-DDP-MAN, 2010 WL 1438905 (C.D. Cal. Apr. 8, 2010).  However, the Court notes that plaintiff does not allege that there are any foreclosure proceedings pending against the Subject Property.

[2] CMI and MERS argue that plaintiff failed to file his opposition in a timely manner; they assert plaintiff's opposition was due on January 13, 2017.  See Dkt. 25 at 2. However, plaintiff's opposition is due not later than 21 days before the date designated for the hearing of the motion.  See C.D. Cal. L.R. 7-9.  At the time plaintiff filed his opposition, the hearing on CMI and MERS' motion was scheduled for February 6, 2017. January 16, 2017 is 21 days before February 6, 2017.  As a result, plaintiff timely filed his opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

of Trust and Request for Notice of Default.[3] Id. ¶ 10. The Deed of Trust was recorded in the Los Angeles County Recorder's Office. Id. MERS is a separate corporation acting as beneficiary solely as a nominee for lender. Id.

On February 25, 2015, an Assignment of the Deed of Trust was recorded in the Los Angeles County Recorder's Office, purporting to assign the Deed of Trust from MERS to MortgageIT. Id. ¶ 11.

On July 28, 2015, an Assignment of the Deed of Trust, purportedly assigning the Deed of Trust from CMI to United, was signed. Id. ¶ 12. Plaintiff alleges that this assignment "is not verified to have been recorded in the Los Angeles County Recorder's Office." Id.

Plaintiff alleges that the February and July 2015 assignments are "fraudulent forgeries for the signatory and the notary," or are "otherwise void instruments that are void ab initio." Id. ¶ 14. Plaintiff therefore seeks to cancel these assignments. Id. ¶ 16.

Plaintiff alleges that "the loan that was attempted to be put into a closed trust on January 15, 2015, a date which is after the closing date." Id. ¶ 17. Plaintiff alleges that the closing date of the above referenced trust was October 25, 2005. Id. ¶ 18. Plaintiff contends that it is not proper to "put a loan in after the trust closing date." Id. ¶ 17. Plaintiff alleges that "if a note is acquired after the closing date, then the transfer is deemed void." According to plaintiff, the "trustee in the present case has not provided any evidence that the trustee had authority to acquire the note and mortgage herein after the trust closed. Id. ¶ 20. Plaintiff contends that the acquisition of the mortgage after the closing date is a material violation of the trust's status as a Real Estate Mortgage Investment Conduit. Id. Plaintiff asserts that he has standing to challenge "the validity of the Note and subsequent actions based on the Note" pursuant to the "UCC." Id. ¶ 24.

In addition, plaintiff raises a claim for unfair business practices on the basis that (1) all defendants engaged in "business practices of notarizing, recording and/or relying upon fraudulent and forged documents"; (2) MortgageIT and United, pursuant to their business practices, fail to advise homeowners in writing that their mortgage or Deed of

---

[3] Though not alleged in the FAC, plaintiff obtained a first loan in the amount of $420,000, secured by a senior position deed of trust encumbering the Subject Property, with MERS designated as the beneficiary. See RJN Ex. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | **'O'** | **JS-6** |
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

Trust was transferred; and (3) MortgageIT, pursuant to its business practices, conveys assignments for the Deed of Trust after a securitized trust has closed, in violation of New York trust law. Id. ¶ 32–40.

Plaintiffs seeks relief in the form of: (1) compensatory, special, and general damages; (2) restitution and the disgorgement of profits; (3) an injunction cancelling the void or voidable written instruments; (4) reasonable costs of the suit; (5) recompense of damages and arrears; (5) any other relief deemed just and proper. Id. at 11.

## III.   LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Plaintiff's First Claim for Cancellation of Written Instruments

Under Civil Code section 3412, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. "To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." U.S. Bank Nat'l Ass'n v. Naifeh, 1 Cal. App. 5th 767, 774 (2016).

    CMI and MERS contend that plaintiff's claim for cancellation of written instruments fails for three reasons. First, defendants argue that plaintiff lacks standing to challenge the assignments of the Deed of Trust. CMI MTD at 5–7. A borrower has standing to challenge a *void* assignment, but not a merely *voidable* one. See Yvanova v. New Century Mortg. Corp., 365 P.3d 845, 858 (Cal. 2016) (approving of lower court's determination that "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment not merely render it voidable.") (quotation marks omitted); Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815 (2016) ("Yvanova recognizes borrower standing only where the defect in the assignment renders the assignment *void*, rather than *voidable*."). According to CMI and MERS, a problem with the notary at the time of the assignments constitutes a basis for finding the assignments *voidable*, not *void*. CMI MTD at 7. Second, CMI and MERS contend that plaintiff provides no factual support for his allegation that the assignments include forgeries. Id. at 7–10. Third, CMI and MERS argue that plaintiff's legal conclusions are unsupported. Id. at 10. In its motion to dismiss, United raises—in substantially the same form—the first and second arguments that CMI and MERS assert. See United MTD at 11–14.

    Plaintiff argues in his oppositions that MERS—a nominal beneficiary only of the Deed of Trust—lacked a financial interest in the Note and Deed of Trust, and therefore lacked authority to assign the Deed of Trust. Opp'n to CMI at 4–5; Opp'n to United at 4–5. As the Court concluded in its December Order, plaintiff's argument is unavailing because it contradicts the language of the Deed of Trust, which states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

> Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

FAC, Ex. A. "This language empowers MERS to take any actions within the lender's authority, including making assignments of the note (as well as the trust deed), contrary to [plaintiff's] allegations." Schwartz v. U.S. Bank, Nat. Ass'n, No. 2:11-cv-08754-MMM-JCG, 2012 WL 10423214, at *6 (C.D. Cal. Aug. 3, 2012). "The courts in California have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a [deed of trust]." Herrera v. Fed. Nat. Mortg. Assn., 205 Cal. App. 4th 1495, 1498 (2012).

In its December Order, the Court found that plaintiff alleged no facts in his original complaint to support his allegations that the assignments contain forgeries. December Order at 6. In the FAC, plaintiff has not pleaded any additional facts in support of his argument that the assignments are "fraudulent forgeries for the signatory and the notary." Therefore, for the reasons set forth in the Court's December Order, the Court again concludes that plaintiff's allegations are conclusory. Accordingly, the Court **GRANTS** defendants' motions to dismiss plaintiff's first claim and **DISMISSES** the claim with prejudice.[4]

### B.   Plaintiff's Second Claim for Unfair Business Practices

The California UCL provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001). The UCL "borrow[s] violations of other laws and treats" them as unlawful business practices

---

[4] The Court need not address at this time whether a problem with a notary at the time of an assignment provides a basis for finding the assignments void or voidable. The Court notes, however, that this determination may depend on the state law governing the Pooling and Service Agreement at issue. See Morgan v. Aurora Loan Servs., LLC, 646 F. App'x 546, 550 (9th Cir. 2016) ("But because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the Pooling and Servicing Agreement (PSA) at issue, Morgan lacks standing here."). No party has introduced the applicable PSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07898-CAS(SKx) | Date | February 27, 2017 |
|---|---|---|---|
| Title | ELMER E. LOPEZ v. UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY ET AL. | | |

"independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992) (quotation omitted).

To plead a violation of the UCL, plaintiff must plead a violation of another statute or common law. See, e.g, Krantz v. BT Visual Images, 89 Cal. App. 4th 164, 178 (2001) (UCL claims "stand or fall depending on the fate of the antecedent substantive causes of action"); California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 169 (2001) ("Where, as here, the Legislature has permitted certain conduct, courts may not override that determination by declaring such conduct to be actionable under [the UCL].") (quotation marks omitted); Walker v. Life Ins. Co. of the Sw., No. 10-cv9198-JVS-RNB, 2013 WL 11308061, at *3 (C.D. Cal. Nov. 4, 2013) ("[P]laintiff's UCL claim must be based on conduct that violates some obligation imposed by a statutory or common law that has a private right of action."). As discussed above, plaintiff's underlying claim—that the assignments contain forgeries—fails. Therefore, plaintiff has failed to plead a predicate violation of law as is required to state a claim under the UCL. Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's second claim and **DISMISSES** the claim with prejudice.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendants' motions and **DISMISSES** plaintiff's claims with prejudice.

IT IS SO ORDERED.

|  | 00 : 01 |
|---|---|
| Initials of Preparer | CMJ |